# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. JARED DROZE, | ) |
| 2. MATTHEW REYNA, | ) Case No. CIV-19-175-D |
| Plaintiffs, | ) |
| | ) ATTORNEY LIEN CLAIMED |
| v. | ) JURY TRIAL DEMANDED |
| 1. ALLIANCE HEALTH SOUTHWEST OKLAHOMA, LLC, | ) |
| 2. MANGUM CITY HOSPITAL AUTH. d/b/a MANGUM REG. MEDICAL CTR., | ) |
| 3. QUARTZ MTN. INVESTMENT, LLC, | ) |
| Defendants. | ) |

## COMPLAINT

**COME NOW THE PLAINTIFFS** and hereby plead their claims as follows:

## PARTIES

1. The Plaintiffs are:

   A. Jared Droze, an adult resident of Osage County, Oklahoma; and

   B. Matthew Reyna, an adult resident of Greer County, Oklahoma.

2. The Defendants are:

   A. Alliance Health Southwest Oklahoma, LLC, a foreign limited liability company doing business in Greer County, Oklahoma;

   B. Mangum City Hospital Authority d/b/a Mangum Regional Medical Center, a public trust operating in Greer County, Oklahoma; and

   C. Quartz Mountain Investment, LLC, a domestic limited liability company doing business in Greer County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiffs' actions are for breach of contract; failure to pay minimum wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 203, *et seq*; and failure to pay wages including severance wages, agreed upon wages, and minimum wages, in violation of Oklahoma's Protection of Labor Act, 40 Okla. St. §§ 161.5, *et seq*.

4. Most of the actions complained of occurred in Greer County, Oklahoma, such that venue is proper. Greer County, Oklahoma, is a county within the Western District of Oklahoma, such that jurisdiction is proper in this Court.

## STATEMENT OF FACTS

5. Defendant Alliance Health Southwest Oklahoma, LLC ("Alliance"), is a foreign entity operating and doing business in Oklahoma and Texas. Defendant Mangum City Hospital Authority ("Hospital") is a public trust operating in Oklahoma, and to Plaintiffs' present knowledge and belief, purchases medical equipment and supplies from outside of Oklahoma. Defendant Quartz Mountain Investment, LLC ("Quartz"), to Plaintiffs' knowledge and belief, engaged in interstate commerce including, but not limited to, employing individuals who traveled out of state as part of their employment for conferences and in the performance of their job duties. Additionally, each Defendant (to Plaintiffs' knowledge and belief) had at least five hundred thousand dollars in gross revenue in the current or proceeding calendar year. For these reasons, each Defendant is an employer, jointly and/or separately, under the FLSA.

6. Defendant Hospital holds itself out as the Plaintiffs' employer on the Plaintiffs'

employment contracts. Defendant Quartz holds itself out as Plaintiffs' employers on Plaintiffs' W-2 forms. Defendant Alliance operates Defendant Hospital and employed the Plaintiffs' supervisors, including Frank Avignone, who held himself out as the CEO of both Defendant Hospital and Defendant Alliance. All Defendants controlled the terms and conditions of the Plaintiffs' employment such that they are all liable for the claims herein either as joint employers and/or an integrated enterprise.

7. Plaintiff Droze began employment with Defendants around August 6, 2018.

8. Plaintiff Reyna began employment with Defendants around August 13, 2018.

9. At all relevant times both Plaintiffs worked under the job title of Associate Hospital Administrator.

10. Both Plaintiffs entered into written contracts which provided in relevant part:

   A. Para. 16, providing that the Plaintiffs could only be terminated by a majority vote of the entire board of Defendant Alliance;

   B. Para. 16, providing that upon termination, the terminated Plaintiff would continue to receive their "monthly base salary for the month in which his duties were terminated and for 3 consecutive months thereafter as an agreed upon severance payment".

   C. Para. 18: In the event the "Hospital is merged, sold, or closed, the [Plaintiffs] may . . . terminate [the] agreement or be retained as administrator of the Hospital, or any successor corporation to or holding company of the Hospital. If the [Plaintiff] elects to terminate his employment at such time, he shall be

entitled to the same severance arrangement as would be applicable under Paragraph 16 if the Hospital had terminated employment at such time".

11. Both Plaintiffs were involuntarily terminated around December 11, 2019. The stated reason for the termination was that the "contract with Alliance Health had been cancelled".

12. During approximately the last two weeks of the Plaintiffs' employment, each Plaintiff worked approximately forty (40) hours each week, but were not paid at all for any of the hours they worked.

13. Defendants did not pay Plaintiffs for any hours they worked during the last two weeks of their employment. These unpaid wages include minimum wages and the full wages agreed upon as set out in the employment contracts.

14. The Defendants' practice was to pay terminated employees the cash value of the paid time off (PTO) they accrued, but had not used, during their employment.

15. Plaintiffs each earned approximately forty (40) hours of paid time off, but Defendants have refused to pay the cash value of this PTO.

16. The Defendants breached Plaintiffs' employment contract including, but not limited to, by refusing to allow Plaintiffs the option of being retained as an administrator of the hospital.

17. Defendants breached Plaintiffs' employment contracts including, but not limited to, by refusing to pay the severance to which they are owed.

18. As a direct result of the Defendants' conduct, the Plaintiffs have suffered (and continue to suffer) wage loss, including back, present and front pay, along with the

value of benefits associated with such wages.

## COUNT I

Plaintiffs incorporate the above paragraphs and further alleges:

19. Failure to pay wages, including minimum wages, is a violation of the Fair Labor Standards Act.

20. Under this Count the Plaintiffs are entitled to their wage loss and an equal amount of liquidated damages.

21. Plaintiffs are further entitled to an award of attorneys' fees.

## COUNT II

Plaintiffs incorporate the above paragraphs and further alleges:

22. Failure to pay agreed upon compensation for labor and/or services rendered (including salary, wages, paid time off, severance and other compensation), failure to pay minimum wages, and failure to pay Plaintiffs all wages owed within eleven days of earning such wages, violate Oklahoma's Protection of Labor Act.

23. Under this Count the Plaintiffs are entitled their wage loss and an equal amount of liquidated damages and liquidated damages in the amount of two percent of the unpaid wages for each day upon which such failure shall continue.

24. Plaintiffs are entitled to an award of attorneys' fees under this Count.

## COUNT III

Plaintiffs incorporate the above paragraphs and further alleges:

25. Failure to pay Plaintiffs the compensation agreed upon in the Employment Agreement, and failure to give Plaintiffs the opportunity to continue as hospital

administrators, violates the Employment Agreement (contract).

26. Plaintiffs are entitled to their unpaid compensation and damages arising from Defendants' termination of Plaintiffs' employment without providing them with the opportunity to continue employment as associate hospital administrators.

## PRAYER

**WHEREFORE**, Plaintiffs respectfully request this Court enter judgment in their favor and against the Defendants and grant them all compensatory damages suffered, together with punitive damages, liquidated damages, attorneys' fees, costs and interest and such other legal and equitable relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED THIS 22nd DAY OF FEBRUARY, 2019**.

HAMMONS, GOWENS, HURST & ASSOC.

s/ Amber L. Hurst
Mark Hammons, OBA No. 3748
Amber L. Hurst OBA No. 21231
Kristin E. Richards, OBA No. 33255
325 Dean A. McGee Ave.
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amber@hammonslaw.com
*Counsel for Plaintiff*

ATTORNEY LIEN CLAIMED
JURY TRIAL DEMANDED