# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JARED DROZE,<br>MATTHEW REYNA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: CIV-19-175-D |
| ALLIANCE HEALTH SOUTHWEST<br>OKLAHOMA, LLC,<br>MANGUM CITY HOSPITAL AUTH.<br>d/b/a MANGUM REG. MEDICAL CTR.<br>QUARTZ MTN. INVESTMENT, LLC, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |

## ANSWER OF MANGUM CITY HOSPITAL AUTHORITY D/B/A MANGUM REGIONAL MEDICAL CENTER AND CROSSCLAIM AGAINST ALLIANCE HEALTH SOUTHWEST, LLC AND QUARTZ MOUNTAIN INVESTMENT, LLC

Comes now the Defendant, Mangum City Hospital Authority, d/b/a Mangum Regional Medical Center, (Mangum) and for its Response to the Complaint of the Plaintiff on file herein denies each and every allegation contained therein unless the same is specifically hereinafter admitted.

1. Mangum lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein, save and except that the Plaintiff herein is greater than the age of 18 years, and demands strict proof thereof.

1.b Mangum lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein, save and except that the Plaintiff herein is greater than the age of 18 years, and demands strict proof thereof.

2.a     The averments contained herein make no claim as concerns Mangum and, therefore, no response is required.

2.b     Mangum admits that it is a public trust located in Greer County, Oklahoma.

2.c     The averments contained herein make no claim as concerns Mangum and, therefore, no response is required.

3.      Mangum acknowledges that the Plaintiffs herein are making claims as alleged herein. Mangum denies the claims herein, in so far as said claims are brought against Mangum, and demands strict proof thereof.

4.      Mangum denies any liability arising from any action or omission made by the Plaintiffs herein but does, demand strict proof thereof, but does admit the jurisdiction and venue of this Court as based upon Plaintiffs' current allegations.

5.      Mangum admits that it is a public trust located in the State of Oklahoma. Mangum denies that it is the employer of, jointly, and/or separately, of either of the Plaintiffs herein and demand strict proof thereof. Mangum denies any other averments which may be contained herein as concerns it, demands strict proof thereof, and further responds that the averments contained herein dealing with other Defendants make no averment as concerns Mangum and, therefore, no response is required.

6.      This Answering Defendant denies that it holds itself out as the Plaintiffs' employer and demands strict proof thereof. This Answering Defendant further denies that it is, or ever was, the employer of the Plaintiffs herein and demands strict proof thereof. This Answering Defendant denies that it controlled any terms or conditions of the Plaintiffs' employment, denies liability herein, and denies that it is an employer, in any

fashion, actual, implied, joint, or as an integrated enterprise, and demands strict proof thereof.  As concerns any averments contained concerning other Defendants which make no averment as concerns this Answering Defendant, no response by this Defendant is necessary.  Should it be determined that any other averment is contained herein as concerns this Answering Defendant, the same is denied and strict proof thereof demanded.

7. Denied as stated herein.  This Answering Defendant demands strict proof thereof.

8. Denied as stated herein.  This Answering Defendant demands strict proof thereof.

9. This Answering Defendant denies any allegation that it was, at any time, an employer of either Plaintiff herein and demands strict proof thereof.

10. Denied as stated herein.  This Answering Defendant denies that it entered into any contract with the Plaintiffs herein and demands strict proof thereof.  Additionally, the Answering Defendant denies any averment that may be contained herein as concerns said Defendant and demands strict proof thereof.

11. This Answering Defendant lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein.  This Answering Defendant specifically denies that it employed, or terminated, either of the Plaintiffs herein and demands strict proof thereof.  As concerns the remainder of Plaintiffs' averments herein, this Defendant denies same and demands strict proof thereof.

12. This Answering Defendant denies employing either of the Plaintiffs herein, and demands strict proof thereof.  As concerns the remainder of the averments contained

herein, this Answering Defendant lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein and demand strict proof thereof.

13. This Answering Defendant denies employing either of the Plaintiffs herein, and demands strict proof thereof. As concerns the remainder of the averments contained herein, this Answering Defendant lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein and demand strict proof thereof.

14. This Answering Defendant denies employing either of the Plaintiffs herein, and demands strict proof thereof. As concerns the remainder of the averments contained herein, this Answering Defendant lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein and demand strict proof thereof.

15. This Answering Defendant denies employing either of the Plaintiffs herein, and demands strict proof thereof. As concerns the remainder of the averments contained herein, this Answering Defendant lacks sufficient information to form a belief as concerns the truth or veracity of the averments contained herein and demand strict proof thereof.

16. This Answering Defendant denies employing, terminating, or in any way breaching, any contract as concerns the Plaintiffs herein and demands strict proof thereof.

17. This Answering Defendant denies employing, terminating, or in any way breaching, any contract as concerns the Plaintiffs herein and demands strict proof thereof.

18. Denied. This Answering Defendant demands strict proof thereof.

## **COUNT I**

This Answering Defendant readopts and realleges its responses to the proceeding paragraphs as if the same were fully set forth herein.

19. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

20. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

21. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

## COUNT II

This Answering Defendant readopts and realleges its responses to the proceeding paragraphs as if the same were fully set forth herein.

22. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs

herein and demands strict proof thereof.

23. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

24. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

## **COUNT III**

This Answering Defendant readopts and realleges its responses to the proceeding paragraphs as if the same were fully set forth herein.

25. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

26. The averment contained herein makes no allegation as concerns this Answering Defendant and no response thereto is required. To the extent that any averment is contained herein directed towards this Defendant, this Defendant denies same and

demands strict proof thereof. This Defendant denies any employment of the Plaintiffs herein and demands strict proof thereof.

## AFFIRMATIVE AND RELATED DEFENSES

Comes now the Defendant, Mangum City Hospital Authority, d/b/a Mangum Regional Medical Center, (Mangum) and for its Affirmative and Related Defenses alleges and states as follows:

1.   That the Defendant herein was not the employer of either of the Plaintiffs herein.

2.   That based upon this Defendant's best information and belief, the Plaintiffs herein were not terminated.

3.   That the Defendant herein did not terminate either of the Plaintiffs herein.

4.   That the Answering Defendant did not engage in any act or omission deleterious to the employment relationship which either of the Plaintiffs may have had with any person or entity that was, in fact, their employer.

5.   That Plaintiffs' Complaint on file herein fails to state a claim for relief as against this Answering Defendant.

6.   That the Plaintiffs herein have failed to exhaust administrative remedies with regard to their claims. Plaintiffs' claims are barred by the appropriate statute of limitations.

7.   That any and all actions taken by the Defendant herein were taken in good faith and for legitimate business reasons.

8.   That the Plaintiffs herein have failed and neglected to use reasonable means to mitigate their damages, if any.

9. That the Court herein should refrain from exercising supplemental jurisdiction in the event it is determined that the Plaintiffs herein cannot assert claims against this Defendant in Federal Court based upon their allegations of federal claims.

10. That the Plaintiffs herein are not entitled to punitive damages, nor may punitive damages be awarded. Further, that punitive damages are unconstitutional pursuant to the Constitution of the United States and the State of Oklahoma. Also, that punitive damages may not be awarded pursuant to the Oklahoma Governmental Tort Claims Act as concerns this Answering Defendant.

11. That the amount of Plaintiffs' damages, if any, and which damages are herein denied and strict proof thereof demanded, may be limited by the doctrine of after acquired evidence.

12. That Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and latches.

13. That Plaintiffs herein are not entitled to liquidated damages.

14. That the Plaintiffs herein have failed to adhere to all requirements of the Oklahoma Protection of Labor Act.

15. That Plaintiffs are not entitled to punitive damages as requested in their Complaint on file herein.

16. That the Plaintiffs herein have suffered no loss as a result of the suspension/termination of their contracts or any alleged failure to remain engaged in any capacity at this Answering Defendant's facility which may be attributed to any act, or omission of this Defendant or for which this Defendant may be held liable.

17. That any act or omission of this Answering Defendant was not causally connected to Plaintiffs' termination, should that termination have actually occurred, or to Plaintiffs no longer remaining as administrators at the Answering Defendant's facility.

18. That Plaintiffs' claims, as concerns this Answering Defendant, are limited by Oklahoma's Governmental Tort Claims Act.

19. As discovery in this matter is just commencing, this Answering Defendant reserves the right to add additional and related defenses as discovery warrants.

WHEREFORE, having fully Answered, this Answering Defendant prays that the Plaintiffs take nothing by virtue of its Complaint on file herein, that this Defendant be dismissed herefrom free of costs, that this Defendant be awarded its costs and attorney fees incurred herein, and such other and further relief as this Court deems just and equitable.

## MANGUM CITY HOSPITAL AUTHORITY D/B/A MANGUM REGIONAL MEDICAL CENTER CROSSCLAIM AGAINST ALLIANCE HEALTH SOUTHWEST OKLAHOMA, LLC

Comes now the Crossclaim Plaintiff, Mangum City Hospital Authority, d/b/a Mangum Regional Medical Center, (Mangum) and for its Crossclaim against the Defendant/Crossclaim Defendant, Alliance Health Southwest Oklahoma, LLC (Alliance) alleges and states as follows:

1. That on or about July 25, 2017, the Crossclaim Plaintiff entered into a management services agreement with Alliance whereby Mangum, as owner of the Mangum Regional Medical Center, a critical access hospital located in Mangum, Oklahoma contracted with Alliance to engage Alliance to manage the hospital as well as its medical clinics and all ancillary structures under the terms and provisions of said

Agreement.

2. As a result of the management services agreement of July 25, 2017, Alliance was engaged to manage the hospital as well as the medical clinics located in Mangum, Oklahoma and Altus, Oklahoma, as well as all ancillary structures thereto.

3. That the Management Agreement defines "executive personnel" as employees, agents, and independent contactors employed by Alliance.

4. The Management Agreement made further provision that Alliance would, in its sole discretion and at its sole expense, select executive personnel and would be exclusively responsible for their compensation, including salary and benefits, and should, exclusively, control the terms and conditions of their engagement or employment including hiring, training, promotion, discharge, and work duties. The Agreement further provides that all executive personnel engaged or hired by the management in the performance of its duties shall be the direct employees, agents, or independent contractors of the manager, (Alliance), and not employees of the owner (Mangum). Further, the Agreement provides that the manager (Alliance) is to be solely responsible for the payment of wages or compensation to executive personnel, the payment of any unemployment compensation, worker's compensation, F.I.C.A., other payroll taxes, assessments, interest, and penalties of any kind assessed by any governmental agency that pertains to monies earned, collected, or paid. The Agreement specifically provides: "…and managers shall defend, indemnify, and hold owner harmless with respect to any such liability."

5. That the Crossclaim Plaintiff in this matter is entitled to full indemnification, both as to loss and as to damages, as a result of the contractual agreement and, as based

upon common law.

WHEREFORE, the Crossclaim Plaintiff prays that it be awarded complete and total indemnification in this matter along with all attorney fees, costs, or other expenses incurred herein and such other and further relief as this Court deems just and equitable.

### MANGUM CITY HOSPITAL AUTHORITY D/B/A MANGUM REGIONAL MEDICAL CENTER CROSSCLAIM AGAINST QUARTZ MOUNTAIN INVESTMENT, LLC

Comes now the Crossclaim Plaintiff, Mangum City Hospital Authority, d/b/a Mangum Regional Medical Center, (Mangum) and for its Crossclaim against the Defendant/Crossclaim Defendant, Quartz Mountain Investment, LLC (Quartz Mountain) alleges and states as follows:

1. That the Plaintiffs in the above referenced matter have alleged that the Crossclaim Defendant, Quartz Mountain, was the employer of the Plaintiffs who were, assigned by the Defendant Alliance to perform services at the Crossclaim Plaintiff's medical facilities.

2. That in the event that Plaintiffs' allegations are proven correct, and in the event that the Crossclaim Defendant herein is, or was, determined to be one or both of the Plaintiff's herein employer, then, and in that event, that the Crossclaim Plaintiff herein is entitled to indemnification, both as to loss and as to damages, in the event that any liability is found as concerns this Crossclaim Plaintiff.

WHEREFORE, the Crossclaim Plaintiff, Mangum, prays for full indemnification against both loss and damages, including all costs, attorney fees, and expenses incurred herein, as well as all other relief to which this Court deems it entitled in law or in equity.

Respectfully submitted,

/s/ Rodney C. Ramsey_____
Rodney C. Ramsey, OBA No. 10450
RAMSEY AND GRAY, P.C.
101 North Robinson Ave., Suite 725
Oklahoma City, OK 73102
Tele:   (405) 239-2393
Fax:    (405) 232-5135
rramsey@ramseygraypc.com
*Attorney For Defendant,*
*Mangum City Hospital Authority d/b/a Mangum*
*Regional Medical Center*

**CERTIFICATE OF MAILING**

I hereby certify that on May 6, 2019, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

/s/ Rodney C. Ramsey_____
Rodney C. Ramsey