**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JARED DROZE** and </br> **MATTHEW REYNA,** </br> </br> Plaintiffs, </br> v. </br> **ALLIANCE HEALTH SOUTHWEST** </br> **OKLAHOMA, LLC; MANGUM** </br> **CITY HOSPITAL AUTHORITY** </br> **DBA MANGUM REGIONAL** </br> **MEDICAL CENTER; and QUARTZ** </br> **MOUNTAIN INVESTMENT, LLC,** </br> </br> **Defendants.** | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) Case No. CIV-19-00175-D </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## ALLIANCE HEALTH SOUTHWEST OKLAHOMA LLC'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant, Alliance Health Southwest Oklahoma, LLC ("Alliance Health" or "Defendant") based upon present information and belief, for its Answer to Plaintiffs' (collectively "Plaintiffs") Complaint, denies each and every material allegation in Plaintiffs' Complaint, except as may be hereinafter specifically admitted, and further alleges and states as follows:

## PARTIES

1. Alliance Health is without sufficient information to admit or deny the allegations contained in paragraph 1(A) and (B) of Plaintiffs' Complaint, and therefore denies the same.

2. Alliance Health admits that at all times pertinent to the allegations in paragraph 2(A) of Plaintiff's Complaint, it was a foreign limited liability company doing business in Greer County, Oklahoma. The allegations in paragraphs 2(B) and (C) of

Plaintiffs' Complaint are not aimed at Defendant Alliance Health and therefore no response is required by this Defendant.

## CLAIMS AND VENUE

3. Paragraph 3 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required.

4. Alliance Health admits the allegations contained in paragraph 4 of the Complaint.

## STATEMENT OF FACTS

5. Alliance Health admits that at all times pertinent to the allegations in the Complaint, it was a foreign entity operating and doing business in Oklahoma and Texas, and that it had gross revenue in excess of Five Hundred Thousand Dollars in the preceding calendar year. Alliance Health denies that it was either plaintiff's employer. The remainder of the allegations in paragraph 5 of Plaintiffs' Complaint are either statements of law rather than fact, or are not directed at Alliance Health, and for these reasons, no response is required to the remaining allegations in this paragraph. To the extent a response is required, Alliance Health lacks sufficient information to admit or deny the allegation and therefore denies the same.

6. Defendant Alliance Health admits that it had a management agreement by which it would provide a defined list of management services to Defendant Hospital, including managing the day-to-day operations of the Hospital, and that it employed those who served as CEO for the Hospital during the term that the management agreement was in effect. Alliance Health admits that it was contractually obligated to manage the

Hospital's human resources, including the terms and conditions of employment of the Hospital's non-executive personnel, but denies that it was the employer of Plaintiffs. The remainder of the allegations in paragraph 6 of Plaintiffs' Complaint are either statements of law rather than fact, or are not directed at Alliance Health, and for these reasons, no response is required to the remaining allegations in this paragraph. To the extent a response is required, Alliance Health lacks sufficient information to admit or deny the allegations and therefore denies the same.

7.  Defendant Alliance Health admits that Droze signed the Employment Agreement between himself and Mangum City Hospital Authority d/b/a Mangum Regional Medical Center (the "Hospital") on or around August 6, 2018. Alliance Health denies that Droze ever began employment with Alliance Health. Alliance Health is without sufficient information upon which to either admit or deny the actual date that Droze started work with the Defendant Hospital, as it has no access to the Hospital records that would show this information.

8.  Defendant Alliance Health admits that Reyna signed the Employment Agreement between himself and the Hospital on or around August 12, 2018. Alliance Health denies that Reyna ever began employment with Alliance Health. Alliance Health is without sufficient information on which to either admit or deny the actual date that Reyna started work with the Hospital, as it has no access to the Hospital records that would show this information.

9.  Defendant Alliance Health admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant Alliance Health admits that Plaintiffs entered into written contracts, as alleged in paragraph 10 of the Complaint, and its subparts. However, Alliance Health clarifies that the Agreement makes clear that it was the Hospital, and not Alliance Health, that would be responsible for paying the severance benefits referred to in paragraph 10(B) of the Complaint.

11. Defendant Alliance Health, on information and belief, admits the allegations in paragraph 11 of the Complaint, but clarifies that the termination was not administered by Alliance Health, and instead, on information and belief, by a new management company hired by the Hospital, and that any communications to Plaintiffs about the reason(s) for their termination also came from the new management company, not Alliance Health.

12. Defendant Alliance Health is without sufficient information upon which to admit or deny the claims alleged in paragraph 12 of the Complaint, and on that basis denies the same.

13. Defendant Alliance Health admits that it did not pay Plaintiffs for any hours worked during the last two (2) weeks of their employment, but clarifies that Plaintiffs had always been paid by the Hospital and that Alliance Health made attempts to ensure that Plaintiffs were paid by the Hospital. Alliance Health further denies that it had any duty to make the payments itself as it was not Plaintiffs' employer. Defendant Alliance Health is without sufficient information on which to admit or deny the remaining allegations in paragraph 13 of the Complaint, and on that basis denies the same. To the extent the allegations in paragraph 13 of the Complaint are not aimed at Defendant Alliance Health,

Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

14.  Defendant Alliance Health admits that its understanding of the Hospital's practice was to pay employees who were terminated the cash value of the paid time off (PTO) they accrued, but had not used, during their employment, and that Frank Avignone was aware of such PTO payout by the Hospital to other Hospital employees.  To the extent the allegations in paragraph 14 of the Complaint are not aimed at Defendant Alliance Health, Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

15.  Defendant Alliance Health denies that it refused to pay Plaintiffs the cash value of this PTO, and clarifies that it sought permission to process the final payroll for the Hospital after the Hospital brought in a new entity to manage the hospital.  Defendant Alliance Health is without sufficient information upon which to admit or deny the remaining allegations against it in paragraph 15 of the Complaint, and on that basis denies the same.  To the extent the allegations in paragraph 15 of the Complaint are not aimed at Defendant Alliance Health, Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

16.  Defendant Alliance Health denies the allegations in paragraph 16 of the Complaint as to itself.  To the extent the allegations in paragraph 16 of the Complaint are not aimed at Defendant Alliance Health, Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

17. Defendant Alliance Health denies the allegations in paragraph 17 of the Complaint as to itself. To the extent the allegations in paragraph 17 of the Complaint are not aimed at Defendant Alliance Health, Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

18. Defendant Alliance Health denies that its conduct caused injury to Plaintiffs. To the extent the allegations in paragraph 18 of the Complaint are not aimed at Defendant Alliance Health, Defendant Alliance Health does not undertake a response as no such response is required under FRCP 8(b)(1)(B).

## COUNT I

19. Regarding the unnumbered paragraph preceding paragraph 19, Defendant Alliance Health incorporates all previous admissions, denials, and other statements as if restated herein.

20. Paragraph 19 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 19 of the Complaint.

21. Paragraph 20 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 20 of the Complaint.

22. Paragraph 21 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 21 of the Complaint.

## COUNT II

23. Regarding the unnumbered paragraph preceding paragraph 22, Defendant Alliance Health incorporates all previous admissions, denials, and other statements as if restated herein.

24. Paragraph 22 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 22 of the Complaint.

25. Paragraph 23 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 23 of the Complaint.

26. Paragraph 24 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 24of the Complaint.

## COUNT III

27. Regarding the unnumbered paragraph preceding paragraph 25, Defendant Alliance Health incorporates all previous admissions, denials, and other statements as if restated herein.

28. Paragraph 25 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 25 of the Complaint.

29.     Paragraph 26 of Plaintiffs' Complaint contains a statement of law rather than of fact and therefore no response is required.  To the extent a response is required, Defendant denies the allegations in paragraph 26 of the Complaint.

## PRAYER

Defendant Alliance Health admits that Plaintiffs are seeking the enumerated damages and other relief from this Court, but denies that Plaintiffs are entitled to any damages or relief and further incorporates by reference all applicable admissions and denials to previous paragraphs as if fully restated herein.  Defendant Alliance Health specifically denies that it has engaged in any wrongful and/or unlawful conduct.

## AFFIRMATIVE DEFENSES AND ADDITIONAL DEFENSES

1.      The FLSA does not apply to Defendant Alliance Health as Alliance Health does not have two (2) or more employees, and because Plaintiffs were not engaged in interstate commerce.

2.      Plaintiffs' Complaint fails to state a claim for which relief may be granted, or upon which relief can be granted, or upon which the damages sought can be awarded, including any liquidated damages against Alliance Health, as Alliance Health was not Plaintiffs' employer.

3.      Plaintiffs' claims are barred or diminished to the extent they have failed to mitigate their damages, the existence of which are denied.

4.      At all times, Alliance Health acted in good faith and had reasonable grounds for believing its actions were in compliance with all laws, including but not limited to the FLSA.

5. Alliance Health did not know or show reckless disregard for whether its conduct was prohibited by the FLSA.

6. Although Alliance Health denies any FLSA violations, if any violations did occur, they were not based on willful conduct.

7. Alliance Health has not engaged in any conduct sufficient to justify an award of punitive, exemplary, or liquidated damages. And, to the extent Plaintiffs assert a claim for punitive, exemplary, or liquidated damages, such claim fails as a result of Alliance Health's good faith efforts to comply with the law.

8. Plaintiffs cannot recover actual, punitive, and compensatory damages under multiple or different theories and causes of action for the same or similar act; they are entitled, if at all, to only one recovery for their alleged damages, the existence of which is denied by Alliance Health.

9. Alliance Health asserts indemnity rights against the Hospital.

10. Alliance Health reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

WHEREFORE, having answered fully, Defendant Alliance Health Southwest Oklahoma, LLC ("Alliance Health"), prays that Plaintiffs' requests for relief be denied; that judgment be entered in favor of Alliance Health; that Plaintiffs take nothing by way of their Complaint; and that Alliance Health be awarded its costs, attorneys' fees and such other relief as the Court deems appropriate.

Respectfully submitted,

*s/ Mary P. Snyder*
Adam W. Childers, OBA #18673
Mary P. Snyder, OBA #31427


-- For the Firm --

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
adam.childers@crowedunlevy.com
mary.snyder@crowedunlevy.com

**ATTORNEYS FOR DEFENDANTS ALLIANCE HEALTH SOUTHWEST OKLAHOMA LLC AND QUARTZ MOUNTAIN INVESTMENTS LLC**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 19th day of July, 2019, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Mark E. Hammons
Amber L. Hurst
Kristin E. Richards
HAMMONS GOWENS HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK  73102
mark@hammonslaw.com
amber@hammonslaw.com
kristin@hammonslaw.com

Rodney C. Ramsey
Ramsey and Gray, P.C.
101 N. Robinson Avenue, Suite 725
Oklahoma City, OK  73102
rramsey@ramseygraypc.com

                                            *s/ Mary P Snyder*
                                            MARY P. SNYDER