# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JARED DROZE and MATTHEW REYNA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| ALLIANCE HEALTH SOUTHWEST OKLAHOMA, LLC; MANGUM CITY HOSPITAL AUTHORITY DBA MANGUM REGIONAL MEDICAL CENTER; and QUARTZ MOUNTAIN INVESTMENT, LLC, | )<br>)   Case No. CIV-19-00175-D<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ANSWER OF ALLIANCE HEALTH SOUTHWEST OKLAHOMA, LLC TO CROSS-CLAIM OF MANGUM CITY HOSPITAL AUTHORITY D/B/A MANGUM REGIONAL MEDICAL CENTER AND CROSS-CLAIM AGAINST SAME

Defendant, Alliance Health Southwest Oklahoma, LLC ("Alliance Health" or "Crossclaim Defendant") based upon present information and belief, for its Answer to Mangum City Hospital Authority d/b/a Mangum Regional Medical Center's (the "Hospital") Crossclaim alleges and states as follows:

1. Alliance Health admits the allegations of Paragraph 1 of the Hospital's cross-claim.

2. Alliance Health admits the allegations of Paragraph 2 of the Hospital's cross-claim.

3. Alliance Health admits the allegations of Paragraph 3 of the Hospital's cross-claim, but clarifies that the Management Agreement also defines "non-executive

personnel" as "all employees, agents and independent contractors employed or leased by the Hospital who are not classified as Executive Personnel." Alliance Health further clarifies that the course of conduct between the parties made clear that both parties contemplated that the hospital administrators were non-executive personnel being employed by the Hospital.

4. Alliance Health admits the allegations of Paragraph 4 of the Hospital's cross-claim, but denies the cited provisions applied to the hospital administrators.

5. Alliance Health denies the allegations in Paragraph 5 of the cross-claim.

## AFFIRMATIVE AND OTHER DEFENSES

1. Alliance Health is not liable to the Hospital for indemnification as the Hospital's conduct is a cause of the harm alleged by Plaintiffs.

2. Alliance Health is not liable to the Hospital for indemnification as it would be against public policy for the Hospital to be indemnified for its wage obligations under State and Federal law.

3. Alliance Health reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## CROSS-CLAIM OF ALLIANCE HEALTH AGAINST MANGUM CITY HOSPITAL AUTHORITY D/B/A MANGUM REGIONAL MEDICAL CENTER FOR CONTRACTUAL AND EQUITABLE INDEMNITY

1. Defendant Alliance Health is a Defendant and recipient of a cross-claim in the above-styled action. Mangum City Hospital Authority, d/b/a Mangum Regional Medical Center (the "Hospital"), has already appeared, answered the Plaintiffs' Complaint, and has made a cross-claim against Alliance Health. The Hospital has

therefore subjected itself to the jurisdiction of this Court. The Court has jurisdiction over this cross-claim because it involves the same subject matter that is the basis of the Hospital's cross-claim against Alliance Health.

2. The Hospital and Alliance Health entered into a Management Agreement dated July 25, 2017. Under the terms of the Management Agreement, the Hospital engaged Alliance Health to manage the Hospital that the City of Mangum owned and operated.

3. Under the terms of the Management Agreement, the Hospital was required to employ or lease all non-executive personnel, while Alliance Health was required to employ or lease all executive personnel. The only position that was described as "executive" pursuant to the Management Agreement was the position of chief executive officer.

4. The job of Associate Hospital Administrator is not an executive position within a hospital. Therefore, the terms of the Management Agreement relating to non-executive personnel controlled in regard to the employment of Plaintiffs Droze and Reyna.

5. The Hospital's course of conduct before and after Plaintiffs Droze and Reyna were hired shows that the Hospital viewed them as its employees until the Hospital terminated the contract with Alliance Health.

6. The Management Agreement contained an indemnification clause under which the Hospital was required to indemnify and hold Alliance Health harmless from and against any and all liability, including attorneys' fees, which may arise out of any

negligent or intentional acts or omissions of the Hospital or any officer or employee of the Hospital.

7. The Management Agreement further made clear that Alliance Health would not, by entering into the Management Agreement, become liable for the debts and obligations of the Hospital.

8. The Hospital was the only entity that had authority to authorize payment to Droze and Reyna and had repeatedly done so since their date of hire.

9. On December 11, 2018, the Hospital informed Alliance Health that it was terminating the Management Agreement. Thereafter, the Hospital refused to authorize additional payroll payments to Droze and Reyna, who, until then, had all payments authorized and checks signed by the Hospital. The Hospital also refused to honor other terms of the Employment Agreements entered into between the Hospital and Droze and Reyna, respectively.

10. Pursuant to Section 15(C) of the Management Agreement, the indemnification provisions survived the termination of the Agreement.

11. The Hospital's failure to pay Droze and Reyna any and all wages due constitutes a negligent or intentional act or omission for and has caused damage to Alliance Health in an amount according to proof.

12. Because Alliance Health is in no way responsible for the harm alleged by Plaintiffs, the Hospital is therefore also liable for equitable indemnity to Alliance Health for any and all damages caused to Alliance Health by the Hospital's failure to pay Plaintiffs Droze and Reyna any and all wages due.

## **PRAYER**

For these reasons, Alliance Health respectfully request that the Court enter judgment that the Hospital take nothing by its claims, that judgment be entered in Alliance Health's favor on its cross-claim, and that the Court award all recoverable damages proximately caused by the Hospital's acts or omissions, including, but not limited to, an assessment of costs and attorneys' fees against the Hospital, as well as the granting of all other or further relief to which the Court deems Alliance Health is justly entitled.

Respectfully submitted,

*s/ Mary P. Snyder*
Adam W. Childers, OBA #18673
Mary P. Snyder, OBA #31427

-- For the Firm --

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave., Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
adam.childers@crowedunlevy.com
mary.snyder@crowedunlevy.com

**ATTORNEYS FOR DEFENDANTS ALLIANCE HEALTH SOUTHWEST OKLAHOMA LLC AND QUARTZ MOUNTAIN INVESTMENTS LLC**

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of July, 2019, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Mark E. Hammons
Amber L. Hurst
Kristin E. Richards
HAMMONS GOWENS HURST & ASSOCIATES
325 Dean A. McGee Avenue
Oklahoma City, OK  73102
mark@hammonslaw.com
amber@hammonslaw.com
kristin@hammonslaw.com

Rodney C. Ramsey
Ramsey and Gray, P.C.
101 N. Robinson Avenue
Suite 725
Oklahoma City, OK  73102
rramsey@ramseygraypc.com

                                        *s/ Mary P. Snyder*
                                        MARY P. SNYDER